In re Estate of C. E. Weinberger, deceased.
Harold V. Leslie et al., appellees, v. Estate of
C. E. Weinberger, deceased, appellant.

279 N. W. 2d 854

Filed June 12, 1979.   No. 42202.

George H. Moyer, Sr., of Moyer, Moyer & Egley and Frederick M. Deutsch of Deutsch, Jewell, Otte, Gatz, Collins & Domina, for appellant.

Robert F. Peterson of Lydick & Peterson, for appellees.

Heard before Boslaugh, McCown, Clinton, and Brodkey, JJ., and Windrum, District Judge.

McCown, J.

This case involves contingent claims against the estate of a decedent for an anticipated breach of a contract for the sale of real estate by the estate. The relevant terms and provisions of the contract here were the same as those involved in the cases of Hooker and Heft v. Estate of Weinberger, *ante* p. 674, 279 N. W. 2d 849. The county court disallowed the contingent claims. On appeal the District Court reversed the order of the county court and ordered allowance of the claims. The personal representative of the estate has appealed.

The relevant facts and circumstances in this case are the same as in those cases with the following exceptions. The contract here was executed February 9, 1970, and involved two parcels of real estate. The title opinion rendered by Medlin to the purchasers in this case showed that title to the property was vested in C. E. Weinberger rather than in the purchasers. No partition action has been filed as to the property involved in this case. The purchasers here received the first notice of an anticipatory breach in

the late fall of 1976, when they learned of the partition case involving the Heft real estate. The purchasers in this case then checked with the attorney for the C. E. Weinberger estate, apparently in December 1976, and were told to get an attorney because the contract would not be honored.

The purchasers obtained a lawyer and filed their contingent claim in the county court on January 26, 1977. The claim was disallowed by the county court on May 25, 1977. On appeal the District Court reversed the order of the county court, ordered allowance of the claim, and directed the personal representative of the estate of C. E. Weinberger to retain sufficient funds to pay the amount of damages sustained by the purchasers here when that amount is ascertained.

The cases of Hooker and Heft v. Estate of Weinberger, *supra*, are controlling here. The order of the District Court was correct and is affirmed.

AFFIRMED.